Filed 8/4/16 Certified for Publication 8/15/16 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>RICHARD LYNCH,<br><br>          Defendant and Appellant. | A146704<br><br>(Solano County<br>Super. Ct. No. FCR309321) |

**INTRODUCTION**

This is an appeal from a sentence imposed by the trial court.  Appellant focuses on a condition of probation forbidding appellant from "resid[ing] within 2000 feet of any public or private school, or park where children regularly gather."  (Pen. Code, § 3003.5, subd. (b).[1]  Appellant contends the condition is not mandatory, as the trial court believed.  Respondent agrees the condition is not mandatory, and also concurs with appellant the condition should be stricken.  We agree with the parties and strike the condition under the facts of this case.  We otherwise affirm the judgment.

**STATEMENT OF THE CASE**

The District Attorney of Solano County filed a felony complaint against appellant on August 8, 2014.  The document charged him with one count of possession or control of child pornography, a violation of section 311.11, subdivision (a).  Appellant entered a plea of not guilty.  On June 25, 2015, a plea agreement was reached between appellant

---

[1] Unless otherwise stated, all statutory references herein are to the Penal Code.

and the prosecution, with a felony plea to possession of child pornography. Appellant would receive a probation sentence. After being advised of his rights and waiving them, appellant entered a no contest plea.

On September 29, 2015, appellant was sentenced. The court suspended the imposition of sentence, placing appellant on probation for a period of three years. One of the conditions of probation was he could not "reside within 2000 feet of any public or private school, or park where children regularly gather." Because of the court's concerns regarding this probation condition, it stayed the condition pending this appeal. Appellant filed a timely appeal on September 29, 2015.

## DISCUSSION

Appellant argues section 3003.5, subdivision (b) and its residency restriction was improperly imposed here because the section only applies to registered sex offenders who are on parole. Because appellant is on probation, the condition is improper and should be stricken. Respondent agrees with appellant's position.

Section 3003.5, subdivision (b) is part of the Sexual Predator Punishment and Control Act: Jessica's Law, approved by our voters on November 7, 2006 as Proposition 83. In this case, as part of plea colloquy, appellant affirmed he would be required to register under section 290. Yet appellant contended he should not be subject to the residency restriction because the statute only applied to parolees. He also claimed the condition had no relationship to his crime or future criminality. Appellant noted he lived very close to a park, perhaps "on the absolute 2,000 foot edge."

At the time of sentencing, the district attorney objected to appellant's contention the condition did not apply to him. Instead, the prosecutor claimed section 3003.5, subdivision (b), applied to all section 290 registrants, not just parolees.

The trial court indicated it would not impose a residency restriction in this case if it had the discretion to do so, because appellant was being sentenced to probation. However, the court believed the condition was mandatory and imposed the restriction,

2

but stayed it pending appeal. The court stated: "The facts of this situation are such that the Court—I think I had been pretty candid about this—did not want to impose the residency restriction requirement on Mr. Lynch for several reasons. . . . [T]his case was a possessory case of child pornography. He had no priors, no other issues. He resolved his case early. . . . [H]e resides with his mother 900—almost the distance away from the home. And . . . he is basically on probation and not a parolee. [¶] So those are the reasons why the Court sought to not impose the residency requirement. The People have filed their objection. . . . They take a very expansive view on 3003.[5]."

Section 3003.5, subdivision (a), provides: "Notwithstanding any other provision of law, when *a person is released on parole* after having served a term of imprisonment in state prison for any offense for which registration is required pursuant to Section 290, that person may not, *during the period of parole,* reside in any single family dwelling with any other person also required to register pursuant to Section 290, unless those persons are legally related by blood, marriage, or adoption." (Italics added.) Section 3003.5. subsection (b), adopted later in time with the passage of Proposition 83, states: "Notwithstanding any other provision of law, it is unlawful for *any person* for whom registration is required pursuant to Section 290 to reside within 2000 feet of any public or private school, or park where children regularly gather." (Italics added.) The drafters of Jessica's Law chose to locate the provision following section 3003.5, subdivision (a), arguably incorporating that section's scope of coverage.

Our Supreme Court, in *In re E.J.* (2010) 47 Cal.4th 1258, 1271, noted: "[A]s the section's language reflects, its provisions are obviously intended to apply to 'person[s] . . . released on *parole*.' " (Original italics.) The court has also addressed whether Jessica's Law's residency requirement rendered discretionarily imposed sex offender registration pursuant to section 290.006 unconstitutional under *Apprendi v. New* Jersey (2000) 530 U.S. 466 without a jury trial on the facts to support the registration order. (*People v. Mosley* (2015) 60 Cal.4th 1044, 1048.) The court observed, "The People posit

3

that as a matter of statutory intent, section 3003.5[, subdivision] (b)'s residency restrictions apply only to parolees while they are on parole, and have no effect on a nonparolee misdemeanant such as defendant." (*Mosley*, at p. 1049.) However, in neither *E.J.* nor *Mosley* did the court address whether the restriction applied to persons other than parolees. Yet the Attorney General argued in *Mosley* the residency requirement was so limited. (*Mosley*, at p. 1049.)

We do know the voters enacted Jessica's Law on November 7, 2006. Proposition 83 added the new subdivision (b) to the existing section 3003.5, which already contained subdivision (a) quoted above. The placement of Jessica's Law residency restrictions immediately after the previously enacted subdivision (a), which was applicable only to parolees, indicates the intent of Proposition 83's drafters to align and limit the "any person" reference in subdivision (b) to the class of persons identified in subdivision (a)—parolees. Therefore, the language of section 3003.5 as a whole indicates the subdivision (b) residency restriction applies, as does subdivision (a), only to parolees for the period of their parole term.

Respondent presents several policy reasons for limiting the residency restriction to parolees while on parole. Imposing the residency restriction on probationers would interfere with fashioning probationary conditions for individual probationers based on the specific facts of the particular case. Requiring a blanket condition in all probation cases interferes with traditional policies of probation departments to rely on individual expertise in handling sex offenders on probation. It goes without saying that housing restrictions for probationers convicted of such crimes is appropriately left to the local supervisor familiar with community housing conditions.

Additionally, applying the residency restriction to nonparolees would conflict with the purpose of registration. We believe section 290 registration laws aim at permitting local enforcement authorities to monitor these registrants in the community. Less restriction on housing sites for probationers permits this supervision function. Also,

4

restricting access to housing opportunity disrupts the rehabilitation process for the broader group of men and women on probation; they should focus on treatment and rehabilitation instead of a limited residential market.

These realities, and others, support the concurrence by the Attorney General with appellant's position in this case, in spite of the position taken by the prosecutor below. The bottom line is that statutes should be examined in context and harmonized internally with related statutes. (*People v. Arias* (2008) 45 Cal.4th 169, 177.) Whenever possible, the intent of the legislation "prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act." (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735.)

## DISPOSITION

We agree with the parties in this appeal the residency restriction in this case was improper, and we therefore strike the condition. In all other respects the judgment is affirmed.

_____
DONDERO, J.

We concur:

_____
MARGULIES, Acting P. J.

_____
BANKE, J.

A146704

6

Filed 8/15/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>RICHARD LYNCH,<br><br>     Defendant and Appellant. | A146704<br><br>(Solano County<br>Super. Ct. No. FCR309321)<br><br>ORDER CERTIFYING OPINION FOR PUBLICATION<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

The opinion in the above-entitled matter, filed on August 4, 2016, was not certified for publication in the Official Reports. After the court's review of a request under California Rules of Court, rule 8.1120, and good cause established under rule 8.1105, it is hereby ordered that the opinion should be published in the Official Reports.

Dated: _____

                                                  DONDERO, Acting P. J.

Trial Court:   Solano County Superior Court

Trial Judge:   Hon. Robert Bowers

Counsel:

First District Appellate Project, Jonathan Soglin, Executive Director, L. Richard Braucher, Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler and Jeffrey M. Laurence, Assistant Attorneys General, René A. Chacón and Bruce Ortega, Deputy Attorneys General, for Plaintiff and Respondent.